UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR KAZMIRCHUK,<br><br>   Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 25-cv-06844-AMO<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION & DENYING AS MOOT MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 2, 12 |

Plaintiff Oleksandr Kazmirchuk, proceeding without the assistance of an attorney, commenced this action against Google LLC "for defamation, negligent infliction of emotional distress, and invasion of privacy" on July 22, 2025. Complaint ("Compl.") (Dkt. No. 1). The same day, Kazmirchuk also filed a motion for leave to proceed in forma pauperis. Dkt. No. 2. He filed a second application on September 14, 2025. Dkt. No. 12.

In the operative first amended complaint, Kazmirchuk asserts that this action is filed pursuant to the Communications Decency Act, 47 U.S.C §§ 230, California Civil Code §§ 45, 46, the First Amendment to the U.S. Constitution, and the Canadian Personal Information Protection and Electronic Documents Act. First Amended Compl. ("FAC") at 3 (Dkt. No. 10). The alleged claims for relief are for defamation, negligent infliction of emotional distress, and invasion of privacy. *Id.* at 3. Kazmirchuk asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) because "the amount in controversy is $15,000 and is between a citizen of a foreign state (Ukraine) and a United States corporation." *Id.* at 2. In his prayer for relief, Kazmirchuk seeks an award of compensatory damages in the amount of $15,000. *Id.* at 3.

Diversity jurisdiction requires that (1) the amount in controversy exceed $75,000 and (2) the parties be citizens of different states. 28 U.S.C. § 1332(a). Courts have "an independent

1   obligation to determine whether subject-matter jurisdiction exists, even in the absence of a

2   challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  If a federal court

3   determines that it lacks subject matter jurisdiction, it must dismiss the entire complaint.  *Id.*

4         Here, dismissal for lack of subject matter is appropriate because Kazmirchuk does not

5   satisfy the amount in controversy requirement for diversity jurisdiction to exist.[1]  *See First &*

6   *Rosemary Senior Hous., LP v. Pierre*, 729 F. Supp. 3d 910, 912 (N.D. Cal. 2024) (finding

7   "[d]iversity jurisdiction . . . lacking because neither the complete diversity nor the amount in

8   controversy requirements [we]re met.").  Accordingly, this action is hereby **DISMISSED**

9   **WITHOUT PREJUDICE** to re-filing in the appropriate forum.  The pending applications to

10  proceed in forma pauperis are **DENIED AS MOOT**.  The Clerk shall close the file in this matter.

11        **IT IS SO ORDERED.**

12  Dated: September 17, 2025

                                                         **ARACELI MARTÍNEZ-OLGUÍN**
                                                         **United States District Judge**

---

[1] The other basis for subject matter jurisdiction – federal question jurisdiction – does not exist because Kazmirchuk only asserts state law claims.  *See Wright v. Shell Gas Station*, No. 3:22-CV-03594-LB, 2022 WL 20358022, at *3 (N.D. Cal. July 13, 2022) (finding no federal question jurisdiction where "plaintiff d[id] not allege a violation of federal law").